IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:14-CR-32-D-3

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| LUIS ESTEBAN MACIAS PENA, ) | |
| ) | |
| Defendant. ) | |

On March 11, 2015, this court sentenced Luis Esteban Macias Pena ("Pena") to 87 months' imprisonment for possession with intent to distribute a quantity of a mixture or substance containing a detectable amount of methamphetamine and aiding and abetting. See [D.E. 125]. On August 7, 2017, Pena filed a pro se motion for reduction of his sentence pursuant to Amendment 782 of the Sentencing Guidelines [D.E. 168]. Pena also requested an evidentiary hearing to determine the quantity of drugs attributable to him. See id. On November 9, 2017, the government responded in opposition [D.E. 173].

Generally, a court lacks authority to modify a term of imprisonment "once it has been imposed." 18 U.S.C. § 3582(c). Section 3582(c), however, creates a limited exception to this general rule, authorizing the court to modify a defendant's term of imprisonment if it was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Id.; see United States v. Munn, 595 F.3d 183, 187 (4th Cir. 2010) (quotation omitted). "The applicable policy statement implementing 3582(c)(2), found in Guidelines Section 1B1.10..., provides that a reduction under 3582(c)(2) 'is not authorized' if an amendment does not have the effect of lowering the defendant's applicable guideline range." Munn, 595 F.3d at 187 (quotation omitted).

Pena alleges that the Sentencing Commission amended his applicable drug sentencing Guideline after the court sentenced him and made the change retroactive. Pena is wrong. The court sentenced Pena under the provisions of Amendment 782, which became effective on November 1, 2014. See Amended Presentence Investigation Report ("Am. PSR") [D.E. 110] ¶¶ 36–37. Furthermore, the Sentencing Commission has not changed the relevant provisions of the guidelines that this court used to calculate Pena's advisory guideline range.

The court denies Pena's request for an evidentiary hearing to determine the quantity of drugs attributable to him. Pena executed a plea agreement containing a waiver of his ability "to contest the conviction or sentence in any post-conviction proceeding." Plea. Ag. [D.E. 68] ¶ 2(c). Such waivers are enforceable. See, e.g., United States v. Copeland, 707 F.3d 522, 238 (4th Cir. 2013). Pena did not object to the drug weight calculation in the PSR at his sentencing hearing. See Am. PSR Add. ¶ 1 [D.E. 110] 12. Thus, Pena is not entitled to an evidentiary hearing to challenge the drug weight attributable to him.

In sum, Pena's motion for a reduction of his sentence and request for an evidentiary hearing [D.E. 168] are DENIED.

SO ORDERED. This 25 day of January 2018.

JAMES C. DEVER III
Chief United States District Judge